IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE MARIE SOMMERS, )
)
    Plaintiff, )
)
  -vs- ) Civil Action No. 16-417
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed briefs in support of their motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she has been disabled since May 25, 2010. (ECF No. 8-5, pp. 2, 9). Administrative Law Judge ("ALJ"), Karl Alexander, held a hearing on June 18, 2014. (ECF No. 8-2, pp. 29-56). On September 12, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 11-24).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Evaluation of Opinion Evidence of Record</u>

Plaintiff asserts the ALJ erred in weighing the mental opinion evidence such that it is not supported by substantial evidence. (ECF No. 11, pp. 9-12). Specifically, Plaintiff argues that the ALJ erred in rejecting the medical opinion of a consulting examiner (Dr. Carosso) and a therapist (Rachel A. Ramsey, LPC) in favor of the non-examining state agency doctor (Dr. Schnepp) because the state agency opinion was "rendered prior to an obvious deterioration in Plaintiff's condition." *Id.* at p. 9. After a careful review of the evidence, I disagree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical

3

professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff did not have a treating psychologist. The ALJ considered the records and opinion of Plaintiff's treating source (Rachel A. Ramsey, LPC) and the consulting examiner (Dr. Carosso). (ECF No. 8-2, pp. 11-24). He was unable to give these opinions significant weight because they were internally inconsistent and inconsistent with the objective evidence of

4

record. Additionally, the ALJ rejected the opinion of Dr. Carosso because it appeared to be predicated upon Plaintiff's subjective complaints, which were not deemed to be fully credible by the ALJ. (ECF No. 8-2, p. 22). I note that "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted). After a review of the record, I find the reasons given by the ALJ in weighing these opinions to be valid and appropriate (internally inconsistent and inconsistent with other evidence of record). *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, I find the reasons to be sufficiently explained and supported by substantial evidence. (ECF No. 8-2, pp. 11-24). Therefore, I find no error in this regard on the part of the ALJ.

In contrast, the ALJ gave great weight to the opinion of the state agency psychologist, Dr. Schnepp. (ECF No. 8-2, p. 22). State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). The ALJ gave Dr. Schnepp's opinion great weight because it was "consistent with the objective evidence of record, as well as the work history and activities of the claimant. The claimant has no history of inpatient treatment. Achievement testing indicated that, while her reading and spelling skills were in the average range, her math skills were in the low range. Despite the claimant's history of depression and anxiety, she is currently working in a preschool part time." (ECF No. 8-2, p. 22). These are all valid and acceptable reasons for weighing opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). After a review of the record, I find the reasons given by the ALJ in weighing the opinion of Dr. Schnepp to be sufficiently explained and supported by substantial evidence of record. (ECF No. 8-2, pp. 11-26).

Plaintiff suggests, however, that the ALJ should not have given great weight to Dr. Schnepp's opinion because her condition started to deteriorate after Dr. Schnepp rendered his opinion. (ECF No. 11, pp. 9-12). In support of this argument Plaintiff cites to the opinion of Dr. Carosso. *Id.* at p. 12. Dr. Carosso's opinion was rendered prior to Dr. Schnepp's opinion. As a result, I find no merit to this argument.

Plaintiff also cites to her testimony that she had to "cut her hours [at work] drastically AND begin weekly counseling" as support for her position that her condition drastically changed. (ECF No. 11, p. 12). The ALJ has found Plaintiff not entirely credible and, therefore, was not required to accept this testimony. Moreover, I note that the law does not require that Plaintiff be able to perform her current work, but that that she is able to perform other work existing in significant numbers in the national economy. 20 C.F.R. §§404.1520, 416.920. Finally, I have already found that there is substantial evidence to support the ALJ's opinion that he was unable to give the significant weight to the opinions of Rachel Ramsey and Dr. Carosso. Thus, I find no merit to this argument.

Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

**C.** **Credibility**

Plaintiff also submits that the ALJ's credibility determination is unsupported by substantial evidence because it was "based largely on Plaintiff's part time (sic) employment." (ECF No. 11, p. 13). Plaintiff argues that there is no evidence to suggest that simply because she worked part-time she has the ability to work full-time. *Id.* at pp. 13-14. To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's

6

statement. SSR 96-7p. In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

The ALJ found Plaintiff's testimony on the matter was not credible and set forth the reasons he came to this conclusion. (ECF No. 8-2, pp. 11-26). One of the factors the ALJ considered in assessing Plaintiff's credibility was Plaintiff's testimony that she engaged in part-time work. (ECF No. 8-2, pp. 11-26). In assessing consistency of Plaintiff's statements, the ALJ stated that: "The claimant reported that she had difficulties working full time or interacting with new people. In October 2012, the claimant told her employment specialist, Cindy Hanzes, at the Office of Vocational Rehabilitation, that her full time position at St. Rita CAP School was 'so far, so good.' The claimant also noted that she was working for several school districts as a substitute." (ECF No. 8-2, p. 20). As I stated previously, the ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ appropriately compared Plaintiff's testimony with the documentation provided and found inconsistencies. (ECF No. 8-2, p. 20). Furthermore, the ALJ's determination of Plaintiff's credibility was not based solely on Plaintiff's part-time work history. (ECF No. 8-2, pp. 19-22). Rather, it was just one of a number of things, including, *inter alia,* Plaintiff's daily activities of living and Plaintiff's medical

7

evidence of record. *Id.* Therefore, even if the ALJ erred with regard to Plaintiff's work history, such error would be harmless.

Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §416.929 and SSR 96-7p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 8-2, pp. 11-26). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHRISTINE MARIE SOMMERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | Civil Action No. 16-417 |
| NANCY A. BERRYHILL,[2] COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 8th day of March, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.